IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCUS E. BARROSO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. SA-14-CV-421-XR |
| BRAD LIVINGSTON, ET AL. | § | |
| | § | |
| *Defendants* | § | |
| | § | |

## ORDER

On this date the Court considered Plaintiff's motion for reconsideration (docket no. 129).

### Background

Plaintiff was sentenced to time served in state court on March 17, 2014, and a Judgment was signed by the state court on March 18.[1]  The Texas Office of Court Administration is statutorily directed to promulgate a standardized felony judgment form. *See* Texas Code Crim. Proc. Ann. art. 42.01, Section 4.[2]  Plaintiff alleges that his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution are being violated by a specific provision in the Judgment Adjudicating Guilt form.[3]  Plaintiff alleges

---

[1] After the sentencing hearing wherein he was ordered to time served, Barroso continued to be detained in the Bexar County jail and was only released when his mother found an attorney to intervene and the attorney was able to convince the state trial court to sign an amended judgment on April 8, 2014.  It is undisputed that Barroso was incarcerated without justification from March 18 through April 8, 2014.

[2] "The Office of Court Administration of the Texas Judicial System shall promulgate a standardized felony judgment form that conforms to the requirements of Section 1 of this article. A court entering a felony judgement shall use the form promulgated under this section." Tex. Crim. Proc. Code Ann. § art. 42.01.

[3] "The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ.  The Court ORDERS Defendant

that this provision in the Judgment wrongfully detains a defendant and wrongfully extends his confinement from the time-served judgment imposed by the state court.  In addition, Plaintiff alleges that Bexar County violated his rights by continuing to detain him after the state court signed its March 18 judgment.  He brings suit under 42 U.S.C. §§ 1981 and 1983.

Plaintiff filed his Complaint on May 6, 2014, and the case was originally assigned to Senior District Judge Harry Lee Hudspeth.  In short order numerous motions were filed. Plaintiff filed a motion for temporary restraining order that was denied.  The State of Texas and the Texas Department of Criminal Justice filed a motion to dismiss alleging insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief could be granted.  The State of Texas and the TDCJ also sought a motion for protective order seeking a stay of discovery until the question of sovereign immunity could be determined by the court.  Judge Hudspeth granted the motion for protective order.  He also later dismissed the State of Texas and the TDCJ concluding that claims against them were barred by the Eleventh Amendment.[4]

On September 23, 2014, Plaintiff sought and was granted leave to file an amended complaint.  In this pleading he deleted the State of Texas and TDCJ as defendants, but continued his claims against all wardens of all state prisons and state jails, all counties within the state of Texas, and all sheriffs in the state of Texas.  On February 2, 2015, Judge Hudspeth issued a show cause order giving notice to the Plaintiff that although more than 120 days had passed, he had not effectuated service on most of the proposed defendants.  By this time only Bexar County and the Sheriff of Bexar County had appeared as defendants.  Bexar County

---

remanded to the custody of the Sheriff of this County until the Sheriff can obey the directions of this sentence….”
[4] Docket no. 27.

and the Bexar County Sheriff thereafter began filing motions to dismiss.  Brad Livingston, the Executive Director of the TDCJ, also filed motions to dismiss and for summary judgment.

On August 13, 2015, Judge Hudspeth signed an Order of Partial dismissal dismissing all wardens, all Texas counties (except Bexar County), and all Texas Sheriffs (except Bexar County Sheriff Pamerleau) because Plaintiff had still not effectuated proper service on the other defendants.

Throughout the timeline identified above the parties became embroiled in numerous discovery disputes.  Magistrate Judge Henry Bemporad heard and ruled upon a number of these discovery disputes.  See Docket nos. 77, 81, 83, and 96.

On October 20, 2015, Judge Hudspeth granted Defendants Bexar County, Sheriff Pamerleau and Brad Livingston's motions for summary judgment.  In relevant part, Judge Hudspeth found that there was competent summary judgment evidence to demonstrate the following:

(1) On March 18, 2014, the state trial judge signed a judgment adjudicating guilt; (2) it was the regular and routine procedure for court clerical personnel to transmit the judgment without delay to the Bexar County Adult Detention facility[5]; (3) for unknown reasons that did not happen in this case; (4) the March 18 judgment was not sent to BCADC until April 8; (5) Deputy Sheriff Albert Galindo found errors in the judgment regarding time previously served; (6) A clerk in the 227th District Court was notified of the errors; (7) a correct judgment was signed on April 8 and faxed to the BCADC on April 9; and (8) Plaintiff was released a few hours after the fax was received.

[5] Docket no. 109, Exhibit A, Affidavit of Anthony Cantu.

Judge Hudspeth concluded that Plaintiff's section 1983 claims failed because the negligence of a court clerical employee did not implicate the due process clause.  With regard to any individual claims against Sheriff Pamerleau or Livingston, the Court granted summary judgment because there was no evidence that either of them was personally responsible for the deprivation of constitutional rights.  With regard to the declaratory and injunctive relief sought against Livingston in his official capacity as the Executive Director of the TDCJ, the Court concluded that since Plaintiff has now been released from custody, those claims were moot.  The Court dismissed the section 1981 claims and claims under the Texas Tort Claims Act.[6]

Within days of the dismissal order, Plaintiff's counsel filed a motion to disqualify Judge Hudspeth pursuant to 28 U.S.C. § 455 for bias.[7]  He also sought to have the Orders dated October 20, 2015 set aside.

On October 30, without the benefit of any response from the Defendants, Chief Judge Fred Biery granted the motion to disqualify.  Judge Biery merely referenced 28 U.S.C. § 144 and made no findings that Judge Hudspeth was biased or prejudiced against any party in the case.  In his motion to disqualify, Plaintiff's counsel referred to 28 U.S.C. § 455 (requiring that a judge disqualify himself in any proceeding in which his impartiality might reasonably be questioned).  Appearance of bias is determined by an objective standard under which the trial judge who is applying it in a particular case must decide whether an ordinary citizen

---

[6] Docket no. 126.

[7] Plaintiff's counsel's affidavit in support of his motion to disqualify states that Judge Hudspeth expressed a bias against both the governmental defendants and Plaintiff.  Plaintiff's counsel states that he initially became concerned about the judge after his motion for sanctions were denied on August 17, 2015.  In the motion for sanctions Plaintiff's counsel argues that the Assistant Attorney General had failed to timely disclose the existence of the March 18, 2014 Judgment Adjudicating Guilt and misrepresented that only the April 8 Judgment existed.

advised of the assertions of historical fact, and disregarding the assertions of inferences and conclusions, would reasonably believe the judge is biased or prejudiced.  *See United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976), *cert. denied*, 430 U.S. 909 (1977).  Judge Biery made no analysis or findings in this regard.

As noted by the Supreme Court in *Liteky v. U.S.*, 510 U.S. 540 (1994), judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  *Id*. at 555.  The Court further stated:  "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id*.

In this case, after reviewing the entire file and orders entered in this case, Judge Hudspeth's disqualification was not required.  Nevertheless, Judge Biery ordered that the case be reassigned and it was transferred to the undersigned judge.  An analysis of Judge Biery's order, however, is required to determine whether Judge Hudspeth's October 20, 2015 Orders (and any previous orders) must be set aside.

Plaintiff's counsel argues that since Chief Judge Biery found that Judge Hudspeth was biased the orders entered on October 20 must be set aside.  At the hearing held on December 3, Plaintiff's counsel argued that all orders entered in this case by Judge Hudspeth and the

Magistrate Judge must be set aside.  Having concluded that Judge Hudspeth was not removed for bias, and Plaintiff's "appearance of bias" argument also fails, this Court concludes that the orders previously entered in this case are not required to be set aside and vacated.

This Court will nevertheless address whether there remain any other issues in this case that must be addressed.

Plaintiff's counsel is rightfully upset that a person spent an additional 23 days or so in jail without justification.[8]  Counsel, however, has brought suit against the wrong individuals and argues invalid causes of action against them.  First, counsel continues to call this case a class action and complains that he has been denied discovery with regard to his class allegations.  Counsel has never moved for class certification and no class has ever been certified.  Secondly, as held by Judge Hudspeth, any individual claims against Sheriff Pamerleau or Livingston lack merit because there is no evidence that either of them was personally responsible for the deprivation of constitutional rights.  Neither Bexar County, the Bexar County Sheriff, or Livingston is responsible for the creation of the Judgment template mandated by the Texas Legislature.

Plaintiff's counsel is rightfully upset that for some period of time, one or more counsel for the Defendants represented that the only Judgment in this case was a Judgment dated April 8, 2014.  Accordingly, he believes he was intentionally being misled (the argument being Barroso was not wrongfully held for 23 days, but immediately released upon a written judgment being signed).  Counsel's anger is understandable.  Rather than cooperate in the

---

[8] Judge Hudspeth acknowledged the good services that Mr. Schlecht performed in securing the release of Mr. Barroso.  See Docket No. 126, page 3, fn. 2.  This Court likewise commends Mr. Schlecht for taking this case on a pro bono basis and seeking to correct any misunderstandings that may arise from jail officials interpreting the state-mandated Judgment form.  Despite the noble intentions in taking this case, this Court must nevertheless address the procedural and litigation blunders that have taken place during the prosecution (and defense) of this case.

discovery process and provide a copy of the March 18 Judgment as soon as it was discovered, the acrimony between the lawyers overshadowed good judgment.

It is uncertain what happened after the March 17 sentencing hearing took place. Although a Judgment was signed by the state judge on March 18, it was never docketed in the file.[9]  A possible explanation may be that some court clerk official noticed the error in the time credited section of the Judgment and never filed the Judgment.  Thereafter, the Judgment was forgotten and not timely corrected.  Plaintiff's counsel leapt to the conclusion that Defendants must be assessed a $10 million sanction for hiding the original Judgment and arguing that Barroso was released from the Bexar County jail within 24 days after jail officials received a judgment.  Plaintiff's counsel reacted disproportionately to events on the ground, but nevertheless this Court will evaluate the file to assess whether any valid concerns exist that Plaintiff was denied access to discovery as to what transpired between the sentencing hearing and April 8, 2014.  This Court will now turn to evaluate those concerns against the backdrop of Plaintiff's live complaint and the summary judgment evidence.

The only remaining viable defendant is Bexar County.  Construing the First Amended Complaint liberally, Plaintiff appears to allege that his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated by Bexar County, and Bexar County is liable under 42 U.S.C. 1983 because it has a policy, practice or custom to unlawfully confine individuals who have been sentenced to time served.  Plaintiff's second cause of action "relates solely to separate claims of Minority Former Inmates and

---

[9] http://apps.bexar.org/search/FullCase.html?id=CR00000000001423060D2272010CR7994#history

Minority Current Inmates."[10]   As stated above, Plaintiff has never moved for class certification.

On the section 1983 claim, Bexar County moved for summary judgment on various grounds.[11]  Plaintiff has no viable legal claims he may pursue against Bexar County for any violations of Plaintiff's rights under the Fourth[12], Fifth, and Fourteenth Amendments to the United States Constitution.  The only remaining claim is for a possible violation of the Eighth Amendment.

Bexar County sought summary judgment on this claim arguing that there was no custom, policy or practice that caused Barroso's continued detention, but that it resulted merely from a clerical error.  Bexar County submitted the affidavit of Anthony Cantu who testified that it was the practice of the District Clerk's office to send judgments in time served cases to the Sheriff's Office within the same or next day.  Bexar County Sheriff Deputy Cpl. Albert Galindo testified by affidavit that he is the TDCJ Coordinator at the Bexar County Adult Detention Center, and his job includes receiving and reviewing judgments from the Bexar County courts and coordinating the release and transfer of inmates.  He further testified that he did not receive a judgment in Barroso's case until April 8.  Once he received a judgment, he noticed there was an error in the time credited section, he notified the court

---

[10] Plaintiff's First Amended Complaint at ¶ 49.

[11] Bexar County's arguments were as follows:  The Fourth Amendment does not apply when the challenge is solely to continued incarceration. *Valencia v. Wiggins*, 981 F.2d 1440, 1449 (5th Cir.*), cert. denied,* 509 U.S. 905 (1993).  The Fifth Amendment protects individuals only from the actions of federal, not local, actors. *Morrin v. Claire*, 77 F.3d 116, 120 (5th Cir. 1996).  The Fourteenth Amendment protects the rights of a pre-trial detainee, not a convicted person. *Valencia* at 1445; *Morrin* at 120.  Defendant Bexar County is entitled to judgment on the Eighth Amendment claim because Barroso's detention was not based on an established practice but occurred due to a clerical error.

[12] To the extent that Plaintiff is arguing that Bexar County seized Plaintiff at the sentencing hearing, it is noted that Bexar County did so pursuant to the State mandated form of Judgment.  Accordingly, there was no custom or policy of Bexar County involved.

clerk, and a revised judgment was sent to him on April 9.  Mr. Barroso was thereafter released.

Plaintiff filed a response to Bexar County's motion for summary judgment.  In that response, Plaintiff argued that the motion should be denied because Bexar County has admitted that Mr. Barroso was incarcerated longer than ordered and defense counsel engaged in discovery misconduct.[13]  Plaintiff produced no summary judgment evidence to refute Defendant's argument that clerical negligence was the cause of Plaintiff's continued detention.  Prior to Judge Hudspeth's order granting summary judgment, Plaintiff had the opportunity to engage in discovery.  Rather than tailoring his discovery requests to establish the causes of action he pled, Plaintiff propounded vague, global, and harassing requests.  *See* Docket no. 57 (Plaintiff's 30(b)(6) notice seeking examination on all transfers and releases of inmates in Bexar County in March-April 2014; produce all members of Judge Kazen's staff).

Once Bexar County carried its initial burden of showing that the extended incarceration was due to a clerical mistake, the burden shifted to the Plaintiff to show that summary judgment was inappropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  Plaintiff was required to produce competent summary judgment evidence showing a genuine issue exists as to whether Bexar County had a policy, custom or practice to intentionally detain prisoners past their time served judgment.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 n.4 (1986).

Plaintiff's mere reliance that in this case the Plaintiff's detention was extended by 23 days, that he was misled for some time into believing only the April 8 Judgment existed, and

---

[13] Docket no. 122.

that defense counsel obstructed him from developing all the discovery he wanted, is simply insufficient to create a material fact issue to defeat Bexar County's motion for summary judgment.  In this case mistakes were made.  The state trial court verbally pronounced a sentence, but a written Judgment is necessary to bring finality to the proceeding.  "Without a judgment as defined by Art. 42.01, supra, the pronouncement of sentence under Art. 42.02, Vernon's Ann. C.C.P., is unauthorized."  *Tyra v. State*, 548 S.W.2d 912, 913 (Tex. Crim. App. 1977).  For unknown reasons the original Judgment was not entered and there was an unacceptable delay in the filing of the Judgment resulting in an unauthorized detention of the Plaintiff.  This, however, does not result in the conclusion Plaintiff reaches.  Bexar County is not liable under section 1983 for the negligent acts of its employees.

### Conclusion

Summary judgment was properly granted by Judge Hudspeth on all claims in this case.  Plaintiff's motions for summary judgment (docket nos. 110 and 111) were implicitly denied by the order granting Defendants' motions, and the denial of Plaintiff's motions was proper.  Accordingly, Plaintiff's motion for reconsideration (docket no. 129) is denied.

Defendants are not awarded costs under 28 U.S.C. § 1920 inasmuch as Plaintiff is indigent, his counsel undertook this representation on a pro bono basis, and given the extended incarceration he underwent it would be inequitable to award costs even though Defendants are prevailing parties.

Counsel for Defendants are directed to provide a copy of this Order to the Office of Court Administration of the Texas Judicial System for its consideration as to whether any modifications should be made to the felony judgment form to ensure that individuals given

time-served sentences are expeditiously released from custody upon the entry of Judgment and any administrative processing from the respective detention facility.

The Clerk is directed to close this case.

SIGNED this 15th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

11