# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MARCUS E. BARROSO, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-14-CV-421-XR |
| § | |
| BRAD LIVINGSTON, et al., § | |
| § | |
| *Defendants*. § | |

**ORDER**

On this day, the Court considered Plaintiff Marcus Barroso's Motion for New Trial and to Take Testimony (docket no. 145), Magistrate Judge John W. Primomo's Memorandum and Recommendation (docket no. 159), the parties' subsequent briefing, and other various pending motions (docket nos. 162, 164, and 169).  After careful consideration, the Court will accept the Magistrate Judge's Recommendation, deny Plaintiff's Motion for New Trial, and dismiss all other pending motions as moot.

**BACKGROUND**

Plaintiff Marcus Barroso was sentenced to time served in state court on March 17, 2014, for a drug offense.  A judgment was signed the next day, on March 18.  However, due to an error in transmitting the judgment, after the sentencing hearing, Barroso remained incarcerated for over three additional weeks.  He was only released after his mother found an attorney—his counsel in this case—to intervene.

Barroso filed this civil case as a result of these events on May 6, 2014.  Docket no. 1. The case was assigned to Judge Harry Lee Hudspeth.  On October 20, 2015, Judge Hudspeth

granted summary judgment in favor of Defendants. Docket no. 126. Judge Hudspeth's Order explained that the negligence of a clerical employee of the state district court was responsible for the underlying events and held that this was insufficient to establish any of the claims brought by Barroso against the Defendants. *Id.*

Six days later, Barroso filed a Motion to Disqualify Judge Hudspeth and a Motion for Reconsideration. Docket no. 129. Judge Fred Biery granted the Motion to Disqualify without making any finding of bias and ordered that the case be reassigned. Docket no. 131. The case was randomly assigned to the docket of the undersigned Judge and the Court issued an Order denying the Motion for Reconsideration. Docket no. 143. Barroso then filed a Motion for New Trial and to Take Testimony "pursuant to Rule 59(a)(1)(B)." Docket no. 145 at 1. The Court referred the motion to Magistrate Judge John W. Primomo, who recommended that it be denied. Docket no. 159.

## STANDARD OF REVIEW

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On the other hand, any Memorandum and Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo*

review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Barroso objected to the Magistrate Judge's recommendation, so the Court will conduct a *de novo* review. Docket no. 161.

## DISCUSSION

First, the Court notes as a preliminary matter that a motion for new trial under Rule 59(a) is not the proper method for challenging an order granting summary judgment. Instead, the proper vehicle is a motion filed pursuant to Rule 59(e). *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."); *Harris v. New Werner Holding Co., Inc.*, Civ. Ac. No. 3:08-CV-1750-L, 2009 WL 4249240, at *1 (N.D. Tex. Nov. 25, 2009) (stating that when "the court has disposed of the case on a motion for summary judgment, such a motion is properly classified as one filed pursuant to Rule 59(e)" and citing *Patin*). Since this case has been disposed of on an order granting summary judgment, the Court will analyze the motion under Rule 59(e).

### I.     Timeliness

Barroso's Motion for New Trial is untimely. Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). In this case, Judge Hudspeth entered judgment on October 20, 2015. Docket no. 127. Barroso filed his motion to disqualify Judge Hudspeth and his motion for reconsideration on October 26, 2015. Docket no. 129. The undersigned Judge considered and denied his motion for reconsideration on December 15, 2016. Docket no. 143.

By his own admission, that motion for reconsideration "sought relief from Judge Hudspeth's summary judgment order." Docket no. 148 at 6. Barroso's 28-day deadline to file a motion for new trial expired on November 17, 2015—more than fifty days before this motion was filed on January 9, 2016. *See* docket no. 145. Federal Rule of Civil Procedure 6(b)(2) mandates that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2). Thus, this Court does not have the authority to consider a second motion for relief from judgment that is untimely filed.

Barroso argues that the motion is timely because he "sought relief from Judge Hudspeth's summary judgment order six days after it was entered and has acted on a timely basis ever since." Docket no. 148 at 6. However, the fact that he filed his first motion in a timely manner does not negate the fact that this second motion was filed well beyond the deadline.

In his objections, Barroso takes issue with the fact that Judge Primomo did not consider the argument that the Motion for Reconsideration would "toll the period for filing a motion for new trial under Rule 59(b)." Docket no. 161 at 7. However, even if the Court considered the timeline "tolled" while the Motion for Reconsideration was pending, the Motion for New Trial would still be untimely. The Motion for Reconsideration was filed 6 days after judgment was entered and the Motion for New Trial was filed 25 days after this Court's Order on the Motion for Reconsideration, for a total of 31 days. *See* docket nos. 129, 145. Thus, even under Barroso's theory that the deadline was tolled, the motion is still not filed within the 28-day deadline.

Barroso also claims that an affidavit provided by Defendants in response to the Court's inquiry constitutes "newly discovered evidence" under Rule 60(b)(2), and thus, this makes his motion timely. Docket no. 148 at 6. The affidavit in question is an affidavit from Anthony

Cantu, the Division Chief of Criminal Operations of the Bexar County District Clerk's Office. Docket no. 146-1.  In it, Cantu explains the process by which a judgment is docketed and how members of the public can access a judgment.  *Id.* at 1.  Then, he discusses what happened with the judgment at issue in this case.  *Id.* at 1–2.

This affidavit does not constitute "newly discovered evidence" that would entitle Barroso to relief from the final judgment entered in this case.  Federal Rule of Civil Procedure 60(b)(2) provides that a court may relieve a party from a final judgment if the party produces "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  To succeed on a motion under Rule 60(b)(2), a movant must show: "(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citing *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 999 (5th Cir. 2001)).  Barroso has not made this showing.  He offers no explanation as to why he could not have obtained an affidavit from Cantu prior to the deadline for filing a motion for new trial.  *See* docket no. 148.  Moreover, the information contained in the affidavit is not material and controlling and would not have had bearing on the judgment entered in favor of Defendants.  The March judgment incorrectly counted the time-served credits due to Barroso due to negligence on the part of a clerical employee of the state district court.  Judge Hudspeth based his rulings on the fact that Barroso could not recover from Defendants based on that negligence.  *See* docket no. 126 at 6.  The information in the affidavit is not material to this analysis, and Barroso himself stated that "the March Order has no relevance."  Docket no. 145 at 18.

In his objections to Judge Primomo's Memorandum and Recommendation, Barroso argues that newly discovered evidence is "anticipated to come" via his pending discovery motions. Docket no. 161 at 7. This is not sufficient—a movant must show the existence of evidence that is material and controlling, not hypothesize that he might produce such evidence if further discovery is conducted.

Barroso also states in his objections that the judgment—and all other orders in this case—entered by Judge Hudspeth were set aside. *Id.* at 8. However, as the Court has already explained for reasons stated in its previous Order, they were not. Docket no. 143 at 6 ("Having concluded that Judge Hudspeth was not removed for bias, and Plaintiff's "appearance of bias" argument also fails, this Court concludes that the orders previously entered in this case are not required to be set aside and vacated."). The judgment was not vacated and therefore the deadline began to run the day it was issued, not at some later point in time.

Finally, Barroso's Reply also provides a citation to Rule 60(b)(3). Docket no. 148 at 6. Federal Rule of Civil Procedure 60(b)(3) states that a court may offer relief from a final judgment due to "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, other than the citation to the rule, Barroso provides no further information. The Court concludes that Barroso's Motion for New Trial is untimely filed. This alone is enough to warrant denial.

## II.     Barroso's Substantive Arguments

But even if the Court had concluded that the Motion for New Trial was timely filed, Barroso has not shown that he is entitled to relief under Rule 59(e). A motion under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). There are

three grounds for altering or amending a judgment under a Rule 59(e) motion: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). Importantly, the Fifth Circuit has explained that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79; *see also Alvarado v. Tex. Rangers*, No. EP–03–CA–0305–FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005) ("A Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and [the] Court."). A Rule 59(e) motion to alter or amend a judgment is an "extraordinary remedy that should be used sparingly" by the courts. *Templet*, 367 F.3d at 479.

Barroso has failed to establish any of the three grounds for altering or amending a judgment under Rule 59(e). In his Motion for New Trial, he presents eight arguments. First, he states that he is entitled to a new trial because the "March Order was properly filed and entered on the Court records." Docket no. 145 at 2. However, the fact that the March judgment was entered into the Court's records is irrelevant—it did not permit Defendants to release Barroso. The March judgment contained an error in Barroso's time served credits that would have required Defendants to keep Barroso in jail. *See* docket no. 145-1. Furthermore, the existence of the March judgment on the state court's docket is immaterial. The usual procedure was that it should have been transmitted to the Bexar County Adult Detention Center and as Judge Hudspeth explained in his Order, that did not occur in this case. Docket no. 126 at 3. This negligence served as the crux of Judge Hudspeth's reasoning. The presence of the judgment on

the docket does not constitute a fact "of such a nature that . . . would probably change the outcome" in this case. *See Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). Thus, Barroso is not entitled to relief under Rule 59(e) on these grounds.

Second, Barroso argues that this Court "misinterprets Chief Judge Biery's Order" and was incorrect in its determination that Judge Hudspeth's orders are not required to be set aside. Docket no. 145 at 4. Barroso seems to contend that because the Court simply used language about whether or not Judge Hudspeth was biased, as opposed to whether or not he presented a sufficient affidavit that showed Judge Hudspeth was biased, the Court conducted an "incorrect inquiry." *Id.* However, in determining that Judge Hudspeth was not removed for bias, the Court necessarily determined that Barroso had not presented a sufficient affidavit. The Court's reasoning from its previous Order stands. A motion under Rule 59(e) cannot be used to "re-litigate matters that have been resolved to the movant's dissatisfaction." *Alvarado*, 2005 WL 1420846, at *2.

Next, Barroso again complains that Defendants "currently espouse three irreconcilable defenses." *Id.* at 7. He takes issue with the fact that as discovery has proceeded in this case, Defendants have evolved in their understanding of the facts and changed their factual contentions as to exactly what happened in the underlying criminal case. *Id.* He also argues that Defendants' counsel have failed to supplement their disclosures. *Id.* at 13. But these arguments do not establish any of the three grounds for relief from judgment; they do not show a manifest error in law or fact, are not newly discovered evidence, and are not indicative of an intervening change in the controlling law. *See Schiller*, 342 F.3d at 567.

Barroso's motion also argues that he is entitled to a new trial because the Defendants engaged in "active concealment" of the March judgment. Docket no. 145 at 14. First, Barroso's

own motion states that he received the judgment during the course of discovery after a deposition. *Id.* at 14. Second, this allegation, even if the Court were to conclude it was true, does not establish any of the grounds for granting a motion for relief from judgment.

He also contends that he is entitled to relief from judgment because the Court did not rule on his Motion for Default Judgment against the state defendants in this case and because the Court declined to award him expenses under Rule 37(d)(3). Docket no. 145 at 15. To begin, the Court did rule on the Motion for Default Judgment and the request for sanctions the same day it issued its Order granting summary judgment. *See* docket nos. 127, 128. It denied the motion. Docket no. 128. Again, Barroso cannot use a Rule 59(e) motion to re-litigate issues the Court decided against him. *See Alvarado*, 2005 WL 1420846, at *2. Furthermore, these discovery issues do not constitute any of the three grounds that would entitle him to the relief he seeks here.

Barroso's next arguments fail for the same reason. He states that he is entitled to relief because the March judgment is an "anomaly" that "has no relevance at all to most of Plaintiffs' primary claims" and is "not essential to any of Plaintiffs' primary claims." Docket no. 145 at 18. This assertion is confusing, given Barroso's contrary insistence that the confusion over the March judgment also entitles him to relief. *See* docket no. 145 at 7, 14. In any case, it is unclear how this establishes any of the three grounds that permit this Court to grant him the relief he seeks. Additionally, Barroso argues that the Court erred in "implicitly ruling that Plaintiffs' discovery requests were untimely." *Id.* at 20. These discovery disputes were already considered and ruled on by Judge Bemporad. *See* docket no. 81. Barroso cannot seek to rehash these issues again here. In any case, the disputes do not constitute any of the accepted grounds for granting affirmative relief in this case. The Motion for New Trial is denied.

### III.  Pending Discovery Motions

In light of the Court's ruling on the Motion for New Trial, all pending discovery motions—the Motion to Take Testimony contained in docket no. 145, docket no. 162 (which was withdrawn), and docket no. 164—are dismissed as moot.

### IV.  Motion for Sanctions

The state Defendants in this case filed a Motion for Sanctions on June 15, 2016, as a result of the various discovery motions filed by Barroso's counsel post-judgment.  Docket no. 169 at 3.  Rule 11(c) provides that "[i]f . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . ."  Fed. R. Civ. P. 11(c).  The Court will decline to order sanctions at this time.  However, counsel for Barroso is warned that any further attempt to conduct discovery in this closed case is prohibited.

## CONCLUSION

The Court ACCEPTS the recommendation of Magistrate Judge John W. Primomo (docket no. 159).  Plaintiff Marcus Barroso's Motion for New Trial and to Take Testimony (docket no. 145) is DENIED.  All other pending motions are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 18th day of August, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE