UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARCUS E. BARROSO, et al., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-14-CV-421-XR |
| BRAD LIVINGSTON, et al., | § § § | |
| *Defendants*. | § § § | |

**ORDER**

On this date, the Court considered Defendants' Joint Motion to Strike Plaintiffs' Notice of Appeal and to Dismiss Appeal (Docket no. 175) and the corresponding response. After careful consideration, Defendants' Motion is DENIED.

On May 6, 2014, Plaintiffs filed this § 1983 action, seeking damages from a number of government officials. Docket no. 1. On October 20, 2015, Judge Harry Lee Hudspeth granted summary judgment in favor of the defendants. Docket no. 126. Thereafter, Plaintiffs filed a motion to disqualify Judge Hudspeth, which was granted, and the case was reassigned to this Court. Docket nos. 129, 131, 132. In this Court, Plaintiffs filed a motion for a new trial on January 9, 2016. Docket no. 145. This motion was denied on August 18, 2016. Docket no. 172. Plaintiffs filed their notice of appeal in this Court on August 31, 2016, Docket no. 173, and Defendants now move this Court to strike that notice of appeal as untimely, Docket no. 175.

Defendants' motion to dismiss Plaintiffs' appeal is denied because a district court has no power to grant such a request. Though the Fifth Circuit does not appear to have spoken to the question, a number of other circuits agree that a district court does not have jurisdiction to strike

1

or dismiss a notice of appeal, even if it is in fact untimely, and Defendants cite no authority to the contrary. *Patel v. Wooten*, 264 F. App'x. 755, 758 (10th Cir. 2008) ("The district court did not have the authority to dismiss the notice of appeal."); *Willis v. Hunt*, 77 F.3d 472 (4th Cir. 1996) ("The district court did not have jurisdiction to strike the untimely notice of appeal."); *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) ("[W]e find no authority that would permit a district court to dismiss a notice of appeal from [an order certifying an interlocutory appeal]. In fact, the district courts have a ministerial duty to forward to the proper court of appeals any notice of appeal which is filed."); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998) ("A district court cannot dismiss an appeal"). While making no determinations on the merits of Defendant's motion, nor any findings with respect to the timing of Plaintiffs' notice of appeal, the Court hereby DENIES Defendants' Motion to Strike Plaintiffs' Notice of Appeal and to Dismiss Appeal (Docket no. 175) as beyond its jurisdiction.

    It is so ORDERED.

    SIGNED this 18th day of October, 2016.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE